# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-24-00076-PRW |
| ) | |
| JOSHUA WILLIAM NEALIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Joshua William Nealis's Motion to Dismiss the Indictment as Unconstitutional (Dkt. 28). On February 20, 2024, a federal grand jury returned an indictment charging Mr. Nealis with one count of violating 18 U.S.C. § 922(g)(1). Mr. Nealis's motion argues that § 922(g)(1) violates the Second Amendment.

In 2009, the Tenth Circuit in *United States v. McCane* rejected a post-*Heller* challenge to the constitutionality of § 922(g)(1),[1] relying on the Supreme Court's statement in *District of Columbia v. Heller* that "'nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]'"[2] Although Mr. Nealis impliedly argues that the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*[3] invalidates *McCane*, the Tenth Circuit recently reaffirmed *McCane*'s

---

[1] *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009).

[2] *Id.* (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008)).

[3] 142 S. Ct. 2111 (2022).

1

holding in *Vincent v. Garland*.[4] *McCane* therefore remains binding precedent that this district court is duty bound to follow. Accordingly, Mr. Nealis's Motion to Dismiss the Indictment as Unconstitutional (Dkt. 28) is **DENIED**.

    **IT IS SO ORDERED** this 29th day of April 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[4] 80 F.4th 1197, 1202 (10th Cir. 2023) ("*McCane* . . . upheld the constitutionality of the federal ban for any convicted felon's possession of a firearm. . . . We thus follow *McCane* and affirm the dismissal.").